# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

POSPISIL FARM, INC.,

    Plaintiff,

vs.

GREAT AMERICAN INSURANCE AGENCY, INC.,

    Defendant.

No. C04-162-LRR

**ORDER**

_____

## I. *INTRODUCTION AND BACKGROUND*

    This matter comes before the court pursuant to the Motion to Remand filed by Plaintiff Pospisil Farm, Inc. (docket no. 13). Defendant Great American Insurance Agency, Inc. resisted Plaintiff's Motion. The matter therefore is fully submitted and ready for decision.

    Plaintiff is a farm corporation doing business in Mount Vernon, Iowa. Defendant is an insurance company that provided crop insurance to Plaintiff during the time period relevant to this case. On October 25, 2004, Plaintiff filed a Petition at Law and Jury Demand ("Petition") in the Iowa District Court in and for Linn County. Plaintiff alleges in its Petition claims for breach of contract (Count I) and bad faith failure to pay crop insurance benefits (Count II). In its breach of contract claim, Plaintiff alleges Defendant paid to Plaintiff only $8,237.00 under Plaintiff's crop insurance policy when Plaintiff was entitled to $19,090.00 thereunder. Plaintiff also alleges, in its bad faith failure to pay benefits claim, that it submitted to Defendant a valid claim for a loss of crop production

in the amount of $19,090.00 and Defendant refused to pay this amount under the terms of the policy without any reasonable basis for doing so or with reckless disregard for whether there was a reasonable basis for doing so. Plaintiff requests relief in the form of "judgment against Defendant for the full, fair and reasonable amount of Plaintiff's damages including punitive damages, together with interest as provided by law and the costs of this action."[1]

On November 22, 2004, Defendant filed a Notice of Removal alleging federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(1). Defendant stated in its Notice of Removal diversity jurisdiction exists under this statutory provision because Plaintiff is a citizen of the State of Iowa and Defendant is a citizen of the State of Ohio and because the amount of damages Plaintiff seeks exceeds $75,000.00 in controversy, exclusive of interest and costs. Defendant based its statement that the amount in controversy exceeds $75,000.00 on the fact Plaintiff seeks damages from the breach of a federally insured crop insurance contract along with bad faith punitive damages, which may allow a fact finder to award damages exceeding this amount.

Thereafter, Plaintiff filed its timely Motion to Remand this matter to the Iowa District Court in and for Linn County pursuant to 28 U.S.C. § 1447(c). Plaintiff asserts in its Motion to Remand the amount of Plaintiff's claims does not exceed the minimum amount in controversy demanded by the statute. Plaintiff argues it is Defendant's burden to prove federal subject matter jurisdiction and Defendant has not satisfied its burden to show the underlying facts support Defendant's assertion the amount in controversy exceeds

---

[1] The court notes Plaintiff filed a Motion for Leave to File an Amended Complaint on March 22, 2005 and on April 1, 2005 the court granted Plaintiff's Motion. The amendments to Plaintiff's Complaint do not change the court's analysis of the instant Motion.

the necessary amount. Plaintiff concedes the fact Plaintiff's claim for punitive damages is to be included in determining the amount in controversy for purposes of federal subject matter jurisdiction. Plaintiff contends, however, when the amount alleged in a complaint is less than $75,000.00, the law established by the Eighth Circuit Court of Appeals requires the party seeking removal to show by a preponderance of the evidence the amount in controversy exceeds the threshold amount. Plaintiff takes the position Defendant has made no such showing. Plaintiff asserts it has claimed actual damages in the amount of approximately $11,000.00 and thus, Plaintiff contends a punitive damage award of more than $64,000.00, the amount necessary to establish the minimum threshold amount for subject matter jurisdiction, would be highly unlikely to stand under the standards set forth by the United States Supreme Court in *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Plaintiff therefore maintains its claims belong in state court because federal diversity jurisdiction does not exist.

Defendant argues in response it is unclear from Plaintiff's Petition whether Plaintiff seeks as actual damages $10,853.00, which is the difference between the full amount to which Plaintiff claims it is entitled under the insurance contract and the amount Defendant actually paid to Plaintiff, or the full amount of Plaintiff's crop loss, which is $19,090.00. Defendant contends if Plaintiff seeks $19,090.00 in damages, a compensatory to punitive damages ratio of only 3.93-to-1 would put the total damages sought over the jurisdictional threshold. If Plaintiff seeks only $10,853.00, on the other hand, Defendant states a ratio of 6.92-to-1 would meet such threshold. Defendant maintains either of these ratios are less than the compensatory damages to punitive damages ratios approved in recent decisions of the United States Supreme Court and courts in this district and therefore an amount of more than $75,000.00 is in controversy because a fact finder legally could conclude Plaintiff's damages are greater than $75,000.00.

## II. LEGAL ANALYSIS

The issue before the court is whether there exists the requisite amount in controversy to satisfy the statutory requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). The Eighth Circuit Court of Appeals has stated, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (quoting *Missouri ex rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)). In a removal case, the defendant must prove subject matter jurisdiction by a preponderance of the evidence because it is the party invoking federal jurisdiction. *Id.; see also Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) ("The party opposing remand has the burden of establishing federal subject-matter jurisdiction.").

The Eighth Circuit Court of Appeals has recognized, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *accord James Neff Kramper Family Farm P'ship*, 393 F.3d at 831. The district court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Punitive damages may be used to establish the amount in controversy for purposes of determining whether a court has subject matter jurisdiction. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (citing *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) ("Punitive damages are included in determining the amount in controversy.")). The amount of punitive damages that may be used to establish the amount in controversy is the amount a fact finder might award. *Kopp*, 280 F.3d at 885. A court may not consider punitive damages that it cannot legally award. *Id.* at 885-86.

4

In assessing the amount of any punitive damages award to which a plaintiff may legally be entitled, the Eighth Circuit Court of Appeals has held:

> The Supreme Court has provided three guideposts for due process review of the amount of a punitive damages award: (1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between actual or potential harm suffered and the punitive damages award (often stated as a ratio between the amount of the compensatory damages award and the punitive damages award); and (3) the difference between the punitive damages award and the civil penalties authorized in comparable cases.

*Boerner v. Brown & Williamson Tobacco Co.*, 394 F.3d 594, 602 (8th Cir. 2005) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-75 (1990)).

With respect to the second guidepost, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has set a bright line rule for a constitutionally permissible ratio of compensatory to punitive damages in a civil case. However, the Supreme Court has recognized:

> [W]e have been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award. . . . Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. In [*Pacific Mutual Life Insurance Co. v.*] *Haslip*, [499 U.S. 1 (1991)], in upholding a punitive damages award, we concluded that an award more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. We cited that 4-to-1 ratio again in *Gore*, 517 U.S. at 581. The Court further referenced a long legislative history, dating back over 700 years and going forward to today, providing for sanctions of double, treble or quadruple damages to deter and punish. While these ratios are

5

> not binding, they are instructive. They demonstrate what should be obvious: Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in the range of 500 to 1, or, in this case, 145 to 1. Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where a "particularly egregious act has resulted in only a small amount of economic damages." The converse is also true, however. When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee. The precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff. In sum, courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.

*State Farm*, 538 U.S. at 425-26 (internal citations omitted).

With this in mind, the court turns to the application of the three guideposts to assess whether Defendant has met its burden of proof with regard to federal subject matter jurisdiction. There is no evidence in the record regarding the degree of reprehensibility of Defendant's conduct or regarding the difference between any punitive damages award Plaintiff may recover in this case and the civil penalties imposed in cases comparable to Plaintiff's case. The critical issue, then, is whether Defendant has shown that a fact finder legally could conclude Plaintiff has suffered more than $64,147.00 in punitive damages. This amount represents the difference between the amount Plaintiff claims in compensatory damages, which is $10,853.00, and the requisite $75,000.00 in controversy for federal

diversity jurisdiction.[2]  In order to establish federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(1), Defendant must show by a preponderance of the evidence any punitive damages to which Plaintiff may be entitled in this case will exceed 5.92[3] times the amount of actual damages to which Plaintiff is entitled.  The court finds Defendant has not met its burden to show there exists in this case more than $75,000.00 in controversy, especially in light of the directive courts are to resolve all doubts with regard to whether federal subject matter jurisdiction exists in favor of remand.  Defendant has put forth no information from which the court can determine whether Plaintiff's claim for punitive damages would fall outside the 4-to-1 ratio the Supreme Court has indicated is a permissible compensatory to punitive damages ratio.  The court cannot discern from the record whether Plaintiff's claim for punitive damages would entitle Plaintiff to punitive damages in an amount that is more than 5.92 times the amount of compensatory damages Plaintiff claims in this case.  A ratio of at least 5.92-to-1 is the amount necessary to put more than $75,000.00 in controversy here.  Thus, the court concludes diversity subject matter jurisdiction does not exist in this case and remand to state court is warranted.  Because the court lacks subject matter jurisdiction, the court declines to consider Defendant's argument that federal law bars state law bad faith and punitive damages claims.

---

[2] Though Defendant initially argued Plaintiff's Petition was ambiguous with respect to the amount of compensatory damages Plaintiff seeks to recover on Plaintiff's claims, Plaintiff indicated in its Motion for Remand Plaintiff seeks $10,853.00 in compensatory damages.  This amount represents the difference between the amount to which Plaintiff asserts it was entitled under its crop insurance policy and the amount Defendant actually paid to Plaintiff under the policy.

[3] The court notes that its calculation of the ratio differs from the Defendant's calculation.

### *III. CONCLUSION*

In light of the foregoing, IT IS ORDERED:

1. Plaintiff's Motion to Remand this matter to state court pursuant to 28 U.S.C. § 1447(c) (docket no. 13) is GRANTED.

2. Defendant shall pay all court costs associated with the improper removal of this action.

3. The Clerk of Court is directed to provide a certified copy of this Remand Order to the Clerk of Court for the Iowa District Court in and for Linn County.

**SO ORDERED.**

**DATED** this 12th day of May, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA